**Affirmed as Modified and Opinion Filed December 7, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00706-CR

**TERRY WILLIAM STRACHAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-80708-2013**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Fillmore and Stoddart
Opinion by Chief Justice Wright

Appellant Terry Strachan waived his right to a jury trial and pleaded not guilty to

aggravated assault on a public servant. On May 2, 2014, the trial court found appellant guilty. He

now appeals. In one issue, appellant contends the evidence is legally insufficient to show he

committed aggravated assault on a public servant. The State of Texas cross-appeals to request a

correction to a clerical error in the judgment. We modify the trial court's judgment and, as

modified, affirm.

### Background

On February 3, 2013, Allen Police Officer Thomas Sprague, while on patrol in his

marked patrol car, observed a motorcycle traveling down a road without a taillight or license

plate light. Officer Sprague turned on his overhead emergency light and attempted to catch up to

the motorcycle, driven by the appellant, to effect a traffic stop. Instead of pulling over, appellant accelerated, leading Sprague and an assisting officer, Officer Thomas Craig, on a high-speed chase. After a brief chase, appellant wrecked his motorcycle and fled on foot towards a gas station. As the officers continued their pursuit around the outside of the gas station, appellant stopped running and turned towards the officers. At this juncture, the testimony of the officers and appellant differs.

Sprague described appellant's posture as an aggressive stance with nothing in his clenched fists. Sprague felt threatened by appellant's stance, so he attempted to use his TASER on appellant. The TASER failed because one of the probes missed appellant—he had already turned to flee. Once the TASER did not succeed, Craig grabbed appellant from behind and tried to spin him to the ground. As Craig spun appellant, Sprague witnessed appellant remove a knife from his belt area. After Sprague saw appellant remove the knife, flick his wrist to open the knife, and bring his arm up over his shoulder three to four times toward Craig's head, Sprague called out "knife" to Craig. Sprague saw Craig "thr[o]w" appellant and the knife fly from appellant's hand. At that point, Sprague dropped his TASER and drew his pistol. Sprague ordered appellant to get on the ground and take his hands out of his pockets, but appellant did not comply. Craig then subdued appellant by use of his TASER, and Sprague arrested appellant.

Craig's testimony is very similar to Sprague's; he also felt threatened by appellant's stance. After Craig saw Sprague's unsuccessful TASER attempt, Craig jumped on appellant's back and tried to take appellant to the ground. As Craig began to swing appellant, he heard Sprague say "knife," at which point he "chunked" appellant in an effort to disengage. Once free from Craig's hold, appellant put his hands back into his pockets, and the officers drew their pistols. After ordering appellant to remove his hands from his pockets, and a final attempt by

appellant to turn and run, Craig successfully used his TASER to subdue appellant and make the arrest. Craig testified that he did not see the knife until after the altercation.

Appellant's testimony conflicts with Sprague and Craig's testimonies in two ways. First, appellant testified that he held a knife in his hand as he initially turned to police. Second, appellant expressly denied ever "try[ing] to come over [his] back and stab the officer."

A grand jury indicted appellant on April 2, 2013. The indictment alleged the following actions by appellant:

> then and there intentionally and knowingly threaten Thomas Craig with imminent bodily injury by swinging a knife in the direction of Thomas Craig, and did then and there use and exhibit a deadly weapon, to-wit: a knife that in the manner of its use and intended use is capable of causing death and serious bodily injury, during the commission of said assault, and the defendant did then and there know that the said Thomas Craig was then and there a public servant, to-wit: a police officer employed by the Allen Police Department, and that the said Thomas Craig was then and there lawfully discharging an official duty, to-wit: arresting the said defendant[.]

Appellant entered a plea of not guilty, and a bench trial commenced on May 2, 2014. The judge found appellant guilty of aggravated assault and assessed a punishment of twenty-four years' imprisonment and no fine. Appellant pleaded true to the enhancement paragraph, and the court found the enhancement paragraph true. Appellant then filed a notice of appeal.

**Analysis**

**A. Sufficiency of the Evidence**

In his sole issue, appellant contends the evidence is legally insufficient to support a finding of guilt for the offense of aggravated assault on a public servant. When an appellant challenges the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Lucio v. State*, 351

S.W.3d 878, 894–95 (Tex. Crim. App. 2011). We are required to defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 326. Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise*, 364 S.W.3d at 903. If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

A person commits a simple assault under section 22.01 when he intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01 (West 2011). A person acts intentionally when "it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a). A person acts knowingly when "he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b). A person commits aggravated assault if he commits an assault under section 22.01 and the person "uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02. An aggravated assault is a felony of the first degree if the offense is committed "against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty." *Id.* § 22.02(b)(2)(B).

Appellant argues that the State failed to present sufficient evidence at trial that appellant ever used or exhibited the knife during the commission of the assault and that Craig was threatened by the knife. We disagree. Here, there is sufficient evidence of appellant's exhibition of the knife from the testimony of Sprague and Craig and from appellant's courtroom admissions.

Appellant specifically argues that he could not have committed the offense of aggravated assault on a public servant because Craig did not see him holding the knife. This argument brings

–4–

forth the question of whether the object of an assault must perceive the threat or if an actor's threat alone is enough to sustain a conviction for assault. The Court of Criminal Appeals of Texas has given us some guidance on this issue.

In *Olivas v. State*, 203 S.W.3d 341 (Tex. Crim. App. 2006), the appellant was charged with aggravated assault by threat when the appellant followed the victim and shot at her truck. On appeal, the appellant argued that the State failed to prove the element of threat because the victim did not perceive the threat at the time that the offense occurred. *Id.* at 343–44. The Court determined that there was sufficient evidence in the record to infer that the victim perceived a threat. *Id.* at 349. The Court noted that although the victim "did not instantaneously realize that [the] appellant had fired shots at her, she knew that [the appellant] had done *something* threatening to her. And she was frightened." *Id.* at 350 (emphasis in original). Although the victim "did not comprehend that she was being shot at as [the] appellant fired at her car," her "realization moments later of what [the appellant] had done nonetheless placed her in great fear." *Olivas*, 203 S.W.3d at 350–51. The Court stated that "there is no statutory requirement that a victim must instantaneously perceive or receive a threat of imminent bodily injury as the actor is performing it," but only that "there must be *some* evidence of a threat being made [in order] to sustain a conviction of assault by threat." *Id.* at 349–51 (emphasis in original); *see also Boston v. State*, 410 S.W.3d 321, 326 (Tex. Crim. App. 2013).

*Olivas* is analogous to appellant's case. Here, just as the victim in *Olivas* did not instantaneously realize that the assailant fired shots at her because she did not see the assailant holding or firing a gun, Craig did not instantaneously realize appellant had swung a knife at his head because he did not see appellant holding the knife or stabbing at his head. Just as the victim in *Olivas* said that she felt great fear after she realized what the assailant had done, Craig testified he felt great fear after he found out what appellant had done—as evidenced by him "chunk[ing]"

appellant when Sprague alerted Craig to appellant's knife. While Craig did not instantaneously realize appellant had swung a knife at his head, Sprague's warning informed Craig that appellant had done something threatening to him, and Craig was frightened. Both Sprague's warning and Craig's reaction to that warning represent some evidence of appellant threatening Craig with the knife.

There is conflicting testimony in the record about whether the appellant swung a knife in the direction of Craig. Appellant testified that he did not swing a knife in the direction of Craig. However, Sprague testified that appellant swung a knife in the direction of Craig's head several times. The trial court, acting as fact finder, weighed the evidence in favor of the State and resolved the conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326.

Looking at the evidence in a light most favorable to the verdict, we conclude that a rational factfinder could find beyond a reasonable doubt that appellant assaulted Craig with a deadly weapon. Accordingly, we overrule appellant's sole issue on appeal.

### B. Modification of the Judgment

The State points out that the written judgment in this case recites that appellant pleaded "guilty" to the offense charged. The record, however, shows the appellant entered a plea to the offense of "not guilty." Also, the Court notes that the record shows appellant pleaded "true" to the enhancement paragraph and the trial court found the enhancement paragraph true. Under both of these headings, the written judgment states, "N/A." Thus the written judgment is incorrect in this case.

This Court has the authority to correct a trial court's judgment when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). We modify the written judgment in this case to show appellant pleaded "not guilty" to

the offense, and to show appellant pleaded "true" to the enhancement paragraph and the trial court found the enhancement paragraph true.

## Conclusion

We resolve appellant's issue against him. As modified, we affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
140706F.U05

          /Carolyn Wright/
          CAROLYN WRIGHT
          CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TERRY WILLIAM STRACHAN, Appellant

No. 05-14-00706-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-80708-2013.
Opinion delivered by Chief Justice Wright.
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Plea to 1st Enhancement Paragraph:        **TRUE**

Findings on 1st Enhancement Paragraph:    **TRUE**

Plea to Offense:                          **NOT GUILTY**

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered December 7, 2015.